Randy Nussbaum, #006417
Geoffrey Khotim, #019513
**NUSSBAUM GILLIS & DINNER, P.C.**
14850 N. Scottsdale Rd., Suite 450
Scottsdale, AZ 85254
Telephone: (480) 609-0011
Facsimile: (480) 609-0016
rnussbaum@ngdlaw.com
gkhotim@ngdlaw.com

*Attorneys for David D. Hiibel
and Deborah F. Hiibel, Debtors*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF ARIZONA

In re:

DAVID D. HIIBEL and
DEBBIE F. HIIBEL,

Debtors.

In Proceedings Under Chapter 13

Case No: 2:13-bk-09736-DPC

**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN**

The Chapter 13 Plan having been properly noticed out to creditors and any objections to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtors, David D. Hiibel and Debbie F. Hiibel aka Deborah F. Hiibel (the "Debtors") as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** The Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. The Debtors shall make the following monthly Plan payments:

| Months | Amount |
|--------|--------|
| 1-12   | $1,000.00 |
| 13-60  | $1,100.00 |

The payments are due on or before the 6th day of each month commencing July 6, 2013. The Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide to the Trustee copies of their **federal and state** income tax returns, including all attachments, forms, schedules and statements, for post-petition years 2013-2015 within fifteen (15) days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

1095845/16389-1

(2) Other Property. The Debtors shall provide directly to the Trustee their net federal and state income tax refunds for the years 2013 - 2015, to be applied as supplements to the Plan. In the event that other property is submitted, it shall be treated as supplemental payments.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. §586(e), then the Trustee will pay creditors in the following order:

(1) Administrative expenses:

Attorney Fees. Geoffrey M. Khotim, Randy Nussbaum and the Law firm of Nussbaum Gillis and Dinner, P.C. shall be allowed compensation of $12,425.59. A fee application for approval of compensation in the amount of $12,425.59 has been filed and is pending before this Court. Counsel received $3,300.00 prior to filing this case and will be paid $9,125.59 by the Chapter 13 Trustee. Any fees above this amount will be paid only upon a fee application being filed and approved by the Court.

(2) <u>Claims Secured by Real Property</u>:

(a) <u>Wells Fargo Bank, NA ("Wells Fargo")</u>. Wells Fargo is secured by a first deed of trust in the residential property located at 5632 S. Central Drive, Globe, Arizona. Wells Fargo will be paid pre-petition arrearage in the amount of $2,029.07 with 0% interest pursuant to Wells Fargo's objection to the Chapter 13 Plan. Payment of said arrearages resolves Wells Fargo's Plan objection. Regular post-petition payments will be made directly by the Debtors to Wells Fargo.

(b) <u>Copper State Financial Management, L.L.C., c/o Hameroff Law Firm ("Copper State")</u>. Copper State holds a judgment lien pursuant to a recorded judgment recorded in Gila County Arizona (the "Judgment Lien"), against the Debtors' lot located at 5665 Mountain View, Globe Arizona. The value of the lot is $25,000.00. Copper State shall be paid a secured claim of $25,000.00 with 0% interest. The balance of the debt shall be classified as unsecured. Upon completion of the Plan, including payment of $25,000.00 to Copper State and a discharge, the Judgment Lien shall be deemed avoided and/or released and the Court shall enter an order avoiding and/or releasing the Judgment Lien. If necessary, the Debtors shall file an adversary or contested matter to avoid and/or release the Judgment Lien. This creditor will receive adequate protection payments of $250.00 per month.

Although under Arizona law the Judgment Lien does not attach to the Debtors' residence

2

1095845/16389-1

Case 2:13-bk-09736-DPC    Doc 47    Filed 08/07/14    Entered 08/08/14 08:35:38    Desc
Main Document    Page 2 of 4

located at 5632 S. Central Drive, Globe, Arizona, the mere existence of the recorded judgment potentially impairs the Debtors' residence. The Debtors' residence has no equity and therefore the Judgment Lien can be avoided and/or released. Upon completion of the Plan, including payment of $25,000.00 to Copper State as set forth above and a discharge, the Judgment Lien shall be deemed avoided and/or released and the Court shall enter an order avoiding and/or releasing the Judgment Lien. If necessary, the Debtors shall file an adversary or contested matter to avoid the Judgment Lien.

(3) <u>Claims Secured by Personal Property</u>:

(a) <u>Globe Quick Cash/Cash N Go ("Claim #27)</u>. This creditor is secured by a lien on a 2001 Nissan Altima. It shall be paid a secured claim in the amount of $1,200.00 with 0% interest. This creditor will receive adequate protection payments of $20.00 per month. The balance of the debt will be classified as unsecured. Upon completion of the Plan, including payment of $1,200.00 to this creditor as set forth above and a discharge, this creditor's lien shall be deemed released and no additional or further Court order shall be required for the release of the lien.

(b) <u>Check Into Cash ("CIC")</u>. CIC is secured by a lien on a 1975 Chevrolet Pickup. CIC shall be paid a secured claim in the amount of $500.00 with 0% interest. This creditor will receive adequate protection payments of $20.00 per month. The balance of the debt will be classified as unsecured. Upon completion of the Plan, including payment of $500.00 to this creditor as set forth above and a discharge, CIC's Upon completion of the Plan, including payment of $1,200.00 to this creditor as set forth above and a discharge, this creditor's lien shall be deemed released and no additional or further Court order shall be required for the release of the lien. lien shall be deemed released and no additional or further Court order shall be required for the release of the lien.

(C) Fast Auto Loan to be paid a secured claim of $500.00 with 0% interest.

(4) <u>Unsecured Priority Claims</u>: NONE    Adequate protection payments $20 a month.

(5) <u>Surrendered Property</u>. NONE

(6) <u>Other Provisions</u>.

(i) Counsel is to represent the Debtors throughout the case until the Court issues an order permitting counsel to withdraw or the case is closed.

/// (ii) Unsecured claims must be paid at least $23,925.51 before the plan is deemed completed, to meet the best interest of creditors test.

///

///

///

///

///

3

1095845/16389-1

///

(7) <u>Unsecured Nonpriority Claims</u>. All other claims shall be classified as unsecured and nonpriority. Claims allowance is determined by § 502 of the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. §1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in the Debtors upon confirmation.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____
Russell Brown, Trustee
Russell Brown
2014.08.06 16:11:15
-07'00'

_____
Leonard J. McDonald
Attorney for Wells Fargo Bank

_____
Geoffrey M. Khotim, Esq.
Attorneys for Debtors

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
David D. Hiibel, Debtor

_____
Deborah F. Hiibel, Debtor

4